AO245b (USDC-CT Rev. 9/07)

|  |  |
|---|---|
| Page 1 | UNITED STATES DISTRICT COURT<br>District of Connecticut |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:11CR57 (AWT)*<br>USM NO: *20430-014* |
| ANGEL GARCIA | |
| | *Sarah P. Karwan*<br>Assistant United States Attorney |
| | *Donald J. Cretella, Jr., Esquire*<br>Defendant's Attorney |

**THE DEFENDANT** pled guilty to **Count One of a Substitute Information**. Accordingly, the defendant is adjudged guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 21:843 | Use of a telephone to facilitate a narcotics felony | February 16, 2011 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The court concluded that a "Guidelines sentence," as opposed to a "non-Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir. 2005), was appropriate in this case.

**PROBATION**

The defendant shall be placed on probation for a total term of three years.  In determining the advisory Guideline range, the court departed pursuant to Section 5H1.4 (or in the alternative, pursuant to Section 5K2.0) because the circumstances surrounding defendant's drug addiction were exceptional, i.e., (i) his descent into a lengthy period of heavy daily use of cocaine was triggered by a family tragedy; (ii) he spent very substantial sums of his own money to purchase cocaine; (iii) he was still attempting to deal with the triggering event many years later, in fact, even after he was arrested for the offense of conviction; (iv) but for the addiction triggered by the family tragedy he would not have committed the offense; (v) he continued to care for and provide for his family notwithstanding his addiction; and (vi) since his arrest, defendant has successfully completed treatment not only for his cocaine addiction but also dealt with the event that triggered the addiction.

The mandatory and standard conditions of probation, as attached, are imposed.  In addition, the following special conditions are imposed:

    1.    The defendant shall be placed on home detention with location monitoring for a period of six months.  The defendant shall make all provisions for the appropriate installation of the location monitoring equipment.  Further, the defendant shall comply with all conditions of location monitoring as approved by the U.S. Probation Office.  The defendant shall be responsible for all or a portion of the costs associated with this monitoring, based on his ability to pay as determined by the U.S. Probation Office.

    2.    The defendant shall participate in a program approved by the U.S. Probation Office for inpatient or outpatient substance abuse treatment, which may be either inpatient or outpatient, and may include random testing, and the details as to the selection and schedule of the program shall be approved by the U.S. Probation Office.  The defendant shall pay all or part of the costs associated with substance abuse treatment, based on his ability to pay as approved by the U.S. Probation Office.

    3.    The defendant shall timely pay the installments of the fine that is being imposed in this case, at the rate of $100 per month.

    4.    The defendant shall not possess a firearm or other dangerous weapon.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

| | | |
|---|---|---|
| **Special Assessment:** | $100.00, due immediately | |
| **Fine:** | $3,000.00 | The defendant shall pay $100 per month during his period of probation, with payments due on the 15th day of each calendar month, commencing on September 15, 2012, and continuing until he has paid the full $3,000. |
| **Restitution:** | $0.00 | |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

Count Five of the original Indictment is dismissed, as to Angel Garcia only, on motion of the United States.

**August 15, 2012**
Date of Imposition of Sentence

____/s/ AWT_____
Alvin W. Thompson
United States District Judge
Date:  August 16, 2012

Judgment received by U.S. Marshal at _____ on _____.

Print name  _____

Signature  _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
ROBERTA D. TABORA, Clerk
BY: _____
    *Deputy Clerk***

# CONDITIONS OF PROBATION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (c) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);
- ■ (3) The defendant shall not unlawfully possess a controlled substance;
- ☐ (4) For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (5) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;
- ■ (8) If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;
- ☐ (9) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (10) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on probation, the defendant also shall comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

**Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____    _____
           **Defendant**                                                    **Date**

_____    _____
**U.S. Probation Officer/Designated Witness**           **Date**